UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **CARRIE LOU EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-02728 (APM) |
| | ) | |
| **TROY TYLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

                           **MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff Carrie Lou Evans, proceeding pro se, brings this action against Defendants Troy Tyler, Tina D. Lee, and Steven Bartlett, three employees of the U.S. Patent and Trademark Office ("USPTO"). Plaintiff appears to contend that Defendants falsified records that led to her firing. For the reasons that follow, this action may proceed no further.

**II.    BACKGROUND**

Defendants are all USPTO employees. *See* Ex. 1 to Notice of Removal, ECF No. 2 [hereinafter Compl.], at 2; Defs.' Mot. for Summ. J., ECF No. 14 [hereinafter Defs.' Mot.], at 4. Plaintiff claims that Defendants "wrongfully terminated" her and interfered with her ability to "receiv[e] fair representation" from her union and USPTO's Office of Equal Employment Opportunity and Diversity ("OEEOD"). *See* Compl. at 2. These claims appear to be based on Plaintiff's belief that Defendants doctored or falsified documents concerning her extended, unexcused absence from work between April and May 2014, which ultimately resulted in her termination. *See* Defs.' Mot. at 1–3; *see also* Pl.'s Resp. to Defs.' Mot. for Summ. J., ECF No. 17 [hereinafter Pl.'s Resp.], at 2–3.

At first, Plaintiff brought suit against USPTO, seeking to hold the agency responsible for its employees' alleged wrongful conduct. *See generally Evans v. U.S. Patent & Trademark Office ("Evans I")*, 238 F. Supp. 3d 4 (D.D.C. 2017). The court dismissed that case for lack of subject-matter jurisdiction. *Id.* at 5.

Plaintiff then filed this action, and Defendants initially moved to dismiss on a theory of claim preclusion. *See* Order, ECF No. 10, at 1–2. On April 5, 2018, the court denied that motion because "Plaintiff's case against USPTO was for lack of subject-matter jurisdiction and therefore was not a final judgment 'on the merits,'" as required for claim preclusion to apply. *Id.* at 3. Thereafter, Defendants moved for summary judgment. *See* Defs.' Mot. That motion is now ripe for consideration.

Defendants assert two grounds for summary judgment. First, Defendants argue that they are not proper defendants in this action. Because Defendants were acting in their official capacities with respect to Plaintiff's claims, Defendants argue that the proper defendant in this suit, depending on the claim, would be the agency head or the United States. *See id.* at 4–6. Second, Defendants argue that the court lacks subject-matter jurisdiction because Plaintiff failed to pursue, let alone exhaust, her administrative remedies prior to filing suit. *See id.* at 6–9. In response, Plaintiff does not address the merits of Defendants' legal arguments; instead, she makes factual arguments regarding Defendants' conduct. *See generally* Pl.'s Resp.

### III. LEGAL STANDARD

#### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Because Defendants challenge the court's subject-matter jurisdiction, the court construes their summary judgment motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *See Whiteru v. Wash. Metro. Area Transit Auth.*, 258 F. Supp. 3d 175, 181–82 (D.D.C.

2017). When evaluating a Rule 12(b)(1) motion, the court "accept[s] all [well-pleaded] factual allegations in [the] complaint as true." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005) (third alteration in original) (quoting *United States v. Gaubert*, 499 U.S. 315, 327 (1991)). Further, "the court may consider materials outside the pleadings 'as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case.'" *Cummings v. Murphy*, 321 F. Supp. 3d 92, 101 (D.D.C. 2018) (quoting *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000)). The plaintiff bears the burden of establishing subject-matter jurisdiction. *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)); *see also Hill v. United States*, 562 F. Supp. 2d 131, 133–34 (D.D.C. 2008).

### B. Motion for Summary Judgment

To the extent that Defendants' summary judgment motion does not implicate the court's subject-matter jurisdiction, the court must apply the standards set forth in Federal Rule of Civil Procedure 56. Rule 56 provides that a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party, and a fact is "material" only if it is capable of affecting the outcome of litigation. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In viewing the facts, the court "draw[s] reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

It is difficult to discern precisely the nature of the claims advanced by Plaintiff. Construing her complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), she could be stating two types of claims. First, because Plaintiff cites no statutory basis for her Complaint and alleges that

3

Defendants prevented her from receiving fair representation from her union and OEEOD, *see* Compl. at 2, the Complaint could be construed to state common law tort claims—specifically, tortious interference with contract and wrongful discharge in violation of public policy. *See Rissetto v. Cty. Of Clinton*, No. 8:15-cv-0720 (GTS/CFH), 2016 WL 4530473, at *8, *36–37 (N.D.N.Y. Aug. 29, 2016) (describing and refusing to dismiss one of plaintiff's tortious interference with contract claims, which was based on the refusals of plaintiff's former supervisor and union president to provide plaintiff with union representation in disciplinary proceedings); *see also Davis v. Cmty. Alts. of Wash., D.C., Inc.*, 74 A.3d 707, 709–10 (D.C. 2013) (describing the tort of wrongful discharge in violation of public policy). Second, as Plaintiff previously "file[d] an informal complaint" with OEEOD, *see* Defs.' Mot., Decl. of Jessica R. Hughes, ECF No. 14-4 [hereinafter Hughes Decl.], ¶ 5, Plaintiff's claims could be construed to arise under Title VII.[1] As Defendants assert that they were acting in their official capacities, *see* Defs.' Mot. at 4–5; Defs.' Mot., Cert. of Daniel Van Horn, ECF No. 14-7, and Plaintiff does not contend otherwise, *see* Compl.; Pl.'s Resp., the court treats each claim as made against Defendants in their official capacities. *See Jenkins v. Jackson*, 538 F. Supp. 2d 31, 33–34 (D.D.C. 2008).

Even construing Plaintiff's Complaint liberally, Defendants' Motion must be granted.

---

[1] In *Evans I*, the court found that Plaintiff's "wrongful termination" claim against USPTO arose under the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7512. *See Evans I*, 238 F. Supp. 3d at 5. The CSRA, however, does not grant a right of action for damages against individually-named federal agency employees. *See Spagnola v. Mathis*, 859 F.2d 223, 229 (D.C. Cir. 1988) (noting that Congress had "not inadvertently" omitted a damages remedy "against officials" when passing the CSRA). Thus, Plaintiff cannot state a CSRA claim against Defendants.
    Unlike the CSRA, Title VII permits actions against individually-named federal employees acting in their official capacities because "an official capacity suit is the functional equivalent of a suit against the employer." *Jenkins v. Jackson*, 538 F. Supp. 2d 31, 33 (D.D.C. 2008) (quoting *Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997)). Moreover, while the CSRA generally "bar[s] [federal employees] from bringing workplace-related claims to federal district court, the CSRA specifically 'preserves the rights of employees to bring suit under Title VII and other federal anti-discrimination laws.'" *Gibbs v. Jewell*, 36 F. Supp. 3d 162, 167 (D.D.C. 2014) (quoting *Mahoney v. Donovan*, 721 F.3d 633, 635 n.4 (D.C. Cir. 2013)). Thus, given the relevant law and the facts on the current record, Plaintiff's complaint can be construed liberally to state a Title VII claim distinct from the CSRA claim Plaintiff stated in her complaint against USPTO.

### A. Plaintiff's Tort Claims

Plaintiff's tort claims arise, if at all, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), and only then in an action against the United States. *See Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016); *Richardson v. Yellen*, 167 F. Supp. 3d 105, 113–14 (D.D.C. 2016). To bring a claim under the FTCA, a plaintiff is required to exhaust her administrative remedies, and the failure to do so deprives the court of subject-matter jurisdiction. *See Evans I*, 238 F. Supp. 3d at 5 (noting that the FTCA jurisdictionally "bars claimants from bringing suit [against the United States] until they have exhausted their administrative remedies" (internal quotation mark omitted)).

According to the uncontested declarations provided by Defendants, Plaintiff has yet to pursue any administrative remedies against them. *See* Defs.' Mot., Decl. of Stacy Long, ECF No.14-3, ¶ 4 (stating that there was no record of any Merit Systems Protection Board appeal filed by Plaintiff); Hughes Decl., ¶ 5 (noting that Plaintiff filed an informal complaint with USPTO's OEEOD but did not file a formal complaint, leading OEEOD to close the complaint); *see also* Pl.'s Resp. (failing to dispute the declarations or present contrary evidence). Thus, to the extent Plaintiff's Complaint can be construed to state a claim under the FTCA, the court dismisses the Complaint for lack of subject-matter jurisdiction for failure to exhaust administrative remedies.

### B. Plaintiff's Title VII Claim

Federal employees who sue for discrimination under Title VII "must, absent unusual circumstances, timely exhaust administrative remedies before bringing suit." *Achagazi v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 175 (D.D.C. 2016). Unlike the FTCA's exhaustion requirement, however, Title VII's exhaustion requirement is *not* jurisdictional. *Niskey v. Kelly*, 859 F.3d 1, 7 (D.C. Cir. 2017); *see also Carter v. Wash. Metro. Area Transit Auth.*, 503 F.3d 143,

145 (D.C. Cir. 2007). Thus, when a plaintiff fails to exhaust administrative remedies in a Title VII suit, the court may properly resolve the issue on summary judgment. *See Johnson v. Veneman*, 569 F. Supp. 2d 148, 158–59 (D.D.C. 2008) (granting the defendant's motion for summary judgment on a Title VII claim because the plaintiff had failed to exhaust his administrative remedies). Here, because Plaintiff has not exhausted her administrative remedies, the court grants Defendants' motion for summary judgment with respect to any Title VII claim.

## V. CONCLUSION

For the foregoing reasons, the court lacks subject-matter jurisdiction over Plaintiff's tort claims, and Defendants are entitled to summary judgment on any Title VII claim. Accordingly, the court grants Defendants' Motion and dismisses this action.

A separate order accompanies this Memorandum Opinion.

Dated: October 26, 2018

Amit P. Mehta
United States District Judge